In the Matter of John I. O'Day, an Attorney, Respondent. Bar Association of Erie County, Petitioner.

Fourth Department, June 27, 1968.

*David E. Brennan* for petitioner.

*John I. O'Day,* respondent in person.

*Per Curiam.* Respondent was admitted to the Bar by this court on September 29, 1941. He was formally charged by petitioner with violations of canons 11 (misuse of trust property) and 32 of the Canons of Professional Ethics and sections 1290 and 1294 (grand larceny) of the Penal Law (now §§ 155.00, 155.05, and 155.30).

The petition in substance alleged that respondent had secured three blank, signed checks from the administrator of an estate which respondent was engaged in settling in co-operation with the estate's attorney of record, purportedly for the purpose of paying estate obligations; that he had completed the checks by filling in the amounts due to the estate creditors totalling $1,351.19 but filled in his own name as payee; that he indorsed the checks and received therefor three bank secretary's checks, two of which (totalling $101.19) he cashed and the third (in the amount of $1,250) he indorsed to a bank to satisfy a claim being made against him by the bank on account of a check which he and other clients named on the check had previously cashed but on which a stop payment order had subsequently been received by the bank.

After issue was joined we referred the proceeding to hear and report. At the commencement of such hearing respondent withdrew his answer and admitted the allegations of the petition. By way of confession and avoidance he testified as to the facts surrounding the use of the bank secretary's check in the sum of $1,250 (obtained by conversion of estate funds). He further related that the three creditors to whom the administrator had originally attempted and intended to issue checks had since been paid from other estate funds. While conceding that he had mis-

appropriated a total of $1,351.19 some two years previous to the hearing, he advanced the view that the estate would sustain no financial loss as the amount could be subsequently deducted from the amount due him for legal services.

Respondent's acts show a callous disregard of the duties of an attorney in handling trust funds delivered into his possession by a client who was the fiduciary of the property. The acts if prosecuted criminally with resulting conviction would result in automatic disbarment (Judiciary Law, § 90, subd. 4). Respondent clearly lacks the character and fitness requisite for an attorney at law. He should be disbarred.

BASTOW, P. J., GOLDMAN, DELVECCHIO, MARSH and HENRY, JJ., concur.

Order of disbarment entered.